UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoena to:<br><br>**BAPTIST CONVENTION OF MARYLAND/DELAWARE, INC.,**<br><br>and<br><br>**BILL WARREN**. | Civil Action No.<br>23-mc-10-CJN-MAU |

### MEMORANDUM OPINION

This case relates to litigation pending in the United States District Court for the Northern District of Mississippi. In that case, Plaintiff Will McRaney ("McRaney") sued the North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB") for, among other things, defamation, tortious interference with business relationships, and intentional infliction of emotional distress. *See McRaney v. N. Am. Mission Bd. Of the S. Baptist Convention, Inc.*, Case No. 1:17-cv-00080-GHD-DAS (N.D. Miss.). Counts I and II of McRaney's lawsuit stem from his allegations that NAMB interfered with McRaney's relationship with his former employer, the Baptist Convention of Maryland/Delaware, Inc. ("BCMD"), and that NAMB tortiously caused BCMD to ask for McRaney's resignation. ECF No. 4 at 1.

In discovery, NAMB served two Rule 45 subpoenas on BCMD, seeking information to bolster its defense to McRaney's suit: 1) a subpoena duces tecum seeking the production of certain documents related to McRaney's employment and the circumstances of his separation from BCMD; and 2) a subpoena for a deposition of former BCMD board member Pastor Bill Warren ("Warren"). ECF No. 1 at Exs. A and B. Although the case is pending in the Northern District of Mississippi, this District is the compliance district for both subpoenas.

Non-party BCMD brings two motions related to the subpoenas that NAMB served on it: 1) a motion to quash the subpoenas based upon the First Amendment ministerial exception and ecclesiastical abstention doctrines (ECF No. 1); and 2) a motion to transfer the motion to quash to the Northern District of Mississippi (ECF No. 2).

Under Fed. R. Civ. P. 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Because "the prime concern" of Rule 45 when considering a motion to transfer "should be avoiding burdens on local nonparties subject to subpoenas," consent of the non-party mitigates that concern. *See* Fed. R. Civ. P. 45, advisory comm. notes, 2013 amend., subdiv. (f); *see, e.g.*, *In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (transferring a motion to quash based on the non-party's consent and noting that the "prime concern" involving non-party subpoenas is the burden on that non-party); *Bogard Constr. Inc. v. Oil Price Info. Serv. LLC*, 2022 WL 1213307, at *3 (D. Md. Apr. 25, 2022) ("[T]he rule plainly affords the nonparty a modicum of choice; the nonparty may either litigate the motion in the compliance district or consent to litigation in the issuing district and seek transfer.").

Here, BCMD not only consents, but affirmatively requests that the Court transfer its motion to quash to the court handling the underlying litigation. None of the other relevant parties to the subpoena dispute oppose the request. ECF No. 2 at 4 (noting NAMB and Warren do not oppose transfer). The Court notes that many of the same issues that BCMD raises have been or will be raised in the underlying case. As NAMB argues, it intends to raise the same substantive defenses— the ecclesiastical abstention doctrine and the ministerial exception—as a bar to McRaney's claims against NAMB. ECF No. 4 at 2. Moreover, NAMB asks that, if the Court finds that BCMD acted on "valid religious reasons" justifying the invocation of the First Amendment defenses, the Court

dismiss or bar Counts I and II of the underlying litigation—a matter which is squarely in the underlying court's power. Given the entanglement of BCMD's defenses to the subpoena and NAMB's substantive defenses to McRaney's complaint, the Northern District of Mississippi is best suited to rule on BCMD's motion. Accordingly, this Court will grant BCMD's motion to transfer.

Although he is neither the issuing party nor the party subject to the subpoena, McRaney has filed an opposition to the motion to quash and motion to transfer. ECF No. 3. Among other things, he argues that the motion to quash is not timely and that the Court should dismiss it on that basis. *Id.* at 4-5. In light of BCMD's consent, this Court is authorized under Rule 45 to transfer the motion to quash. Upon transfer, the reviewing court may consider all merits-related arguments, including whether the motion was untimely under the circumstances.

*************************

The parties are hereby advised that, under the provisions of Local Rule 72.2(b) of the United States District Court for the District of Columbia, any party who objects to this Memorandum Opinion must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Memorandum Opinion. The written objections must specifically identify the portion of the memorandum opinion to which objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the order may waive their right of appeal from an order of the District Court that adopts such findings. *See Thomas v. Arn*, 474 U.S. 140, 144–45 (1985).

Date: February 23, 2023

                                                                                                MOXILA A. UPADHYAYA
                                                                                                 United States Magistrate Judge